UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BEST,<br><br>                      *Plaintiff*,<br><br>v.<br><br>FORMER COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF CORRECTIONS MARCUS O. HICKS, in his official and individual capacities; FORMER ADMINISTRATOR of SOUTH WOODS STATE PRISON JOHN POWELL, in his official and individual capacities; ASSOCIATE ADMINISTRATOR & CURRENT ADMINISTRATOR of SOUTH WOODS STATE PRISON KEISHA FISHER, in her official and individual capacities; SGT. N. CANION, in his official and individual capacities; CORRECTION OFFICER J. TOMLIN, in his official and individual capacities; CORRECTION OFFICER R. ELBERTSON, in his official and individual capacities; CORRECTION OFFICER R. ANDERSON, in his official and individual capacities; CORRECTION OFFICER J. ELBEUF, in his official and individual capacities; CORRECTION OFFICER V. TAPIA, in his official and individual capacities; SGT. G. CORSON, in his official and | Civil Action No. 3:22-cv-06911-PGS-RLS<br><br>**MEMORANDUM AND ORDER** |

1

> individual capacities; RN D. ROSA, in her official and individual capacities; JOHN DOES 1-10) and ABC ENTITIES 1-10
>
> *Defendants.*

This matter is before the Court on Defendants' Motion for Partial Dismissal of the John Best's ("Plaintiff" or "Best") Complaint. (ECF No. 12). The Complaint contains thirty-one defendants, and it distinguishes among these different classes of Defendants. The first category is the "Correction Officer Defendants," comprised of: Sergeant N. Canion; Sergeant G. Corson; Officer J. Tomlin; Officer R. Elberston; Officer V. Tapia; Officer R. Anderson; and Officer J. Elbeuf. The second category is the "Policy Maker Defendants," comprised of: Former Commissioner of the New Jersey Department of Corrections, Marcus Hicks; Former Administrator of South Woods State Prison, John Powell; and Current Administrator of South Woods State Prison, Keisha Fisher. Additionally, the Complaint asserts allegations against Registered Nurse ("RN") D. Rosa, John Does 1-10, and ABC Entities 1-10. At oral argument on October 10, 2023, Plaintiff represented that he asserted three counts in his Complaint: a § 1983 claim, a failure to intervene claim, and a New Jersey Civil Rights Act claim (N.J.S.A. 10:6-2 (hereinafter the "NJCRA claim")).

For the reasons stated below, the motion is granted. Plaintiff may file an amended complaint in a manner consistent with this Opinion.

I.

The Court has jurisdiction since the Complaint alleges violations of 42 U.S.C. § 1983 and the Court has supplemental jurisdiction over state claims of violations of the New Jersey Civil Rights Act. (N.J.S.A. 10:6-2). Venue is proper under 28 U.S.C. § 1391 because the underlying events took place in the District of New Jersey and every Defendant is a citizen of, resides in, or is a public entity of, the State of New Jersey and is domiciled within this District. (ECF No. 1 at ¶ 27).

II.

The Plaintiff is currently incarcerated in the State of New Jersey at Bayside State Prison. (ECF No. 1 at ¶ 2). During the alleged incidents underlying the Complaint, Plaintiff was incarcerated at South Woods State Prison where he was serving a sentence for robbery. (*Id.* at ¶¶ 31–32). There, Plaintiff was housed in a special needs unit on suicide watch. (*Id.*). After refusing to share a cell with a convicted child molester who Plaintiff threatened to "beat up" and subsequently receiving a psychological evaluation, Plaintiff was placed in a special needs unit. (*Id.* at ¶ 33). Plaintiff states that he suffers from "mental illness including bipolar disorder, Post Traumatic Stress Disorder, depression and anxiety." (*Id.* at ¶ 32). Plaintiff alleges that he was treated unconstitutionally while he was in the suicide unit, and he was "confined naked and with a suicide blanket" in violation of his federal and state Constitutional rights. (*Id.* at ¶ 35).

On or around December 7, 2020 at approximately 9:00 p.m., Plaintiff states that a commotion in the dark awakened him. (*Id.* at ¶¶ 40–41). An incident report from that night states that due to a power outage, Plaintiff was requested to move to another cell. (*Id.* at ¶ 37). Plaintiff alleges that he was approached by a Correction Officer Defendant—either Sergeant Canion or Sergeant Corson—and threatened with violence. (*Id.* at ¶¶ 43–44). In reaction, Plaintiff laid prostrate by the door of his cell and submitted to the officer or officers. (*Id.*). Next, Plaintiff alleges that "six (6) to seven (7) suited up officers with helmets, vests and batons [were] already lined up at the door to his cell." (*Id.* at ¶ 45).

Then, Plaintiff claims that eight people attacked him without provocation—specifically, Officers Tomlin, Elbertson, Anderson, Elbeuf, Tapia, Sergeants Corson and Canion, and/or John Doe. This caused Plaintiff injuries to his face including permanent damage to his right eye; permanent headaches; and fractures in his eye socket, cheek and sinus bones. (*Id.* at ¶¶ 46–55).

After this incident occurred, Plaintiff was taken to the infirmary, but he was returned to his cell by the second shift nurse, defendant RN D. Rosa. (*Id.* at ¶¶ 56–57). Plaintiff was later sent to Inspira Medical Center for emergency treatment by the third shift nurse. (*Id.* at ¶¶ 56–57).

Plaintiff states that there is surveillance footage of the alleged beating—to which he has been denied access—that would corroborate his account of events. (*Id.*

at ¶ 54). Plaintiff additionally states that he assisted in the internal affairs investigation, which included taking photographs. However, Plaintiff states that he was not allowed a copy of the investigation report or its findings. (*Id.* at ¶ 64). Further, Plaintiff accuses moving Defendants Sergeant Canion and Officers Tomlin, Elberston, Tapia, and Anderson of writing false reports in an attempt to cover up the incident. Additionally, Plaintiff accuses the above individuals of falsely accusing Plaintiff of resisting arrest and acting violently against said officers. Plaintiff accuses all moving Defendants of mutually agreeing to hold back the identities of the individuals involved in the alleged beating. (*Id.* at ¶¶ 110–14).

### III.

Under Federal Rule of Civil Procedure 8, a complaint "requires only a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), in order to "to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (citing *Dura Pharm. v. Broudo*, 544 U.S. 336, 346 (2005)). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a probability requirement, rather it asks for more than a sheer possibility that the defendant acted unlawfully. *Id.*

The Court "accept[s] as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and . . . construe[s] them in a light most favorable to the non-movant." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). Additionally, the Court disregards legal conclusions and "recitals of the elements of a cause of action, supported by mere conclusory statements." *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The courts apply a three-part test to determine whether a complaint survives a motion to dismiss for failure to state a claim:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Id.* at 130 (alteration in original) (quoting *Iqbal*, 556 U.S. at 675, 679).

### IV.

#### A. Count One: § 1983 Claims

Count One pleads a litany of claims under § 1983 against a variety of Defendants. These include (but may not be limited to): (1) a Fourth Amendment

violation under § 1983; (2) an Eighth Amendment violation under § 1983; (3) a Fourteenth Amendment violation under § 1983; (4) a failure to supervise theory of liability under § 1983; (5) a failure to train theory of supervisory liability under § 1983; and (6) two conspiracy claims under § 1983. Also in Count One, Plaintiff pleads a First Amendment access to the courts argument and First Amendment retaliation claim. The Complaint fails to meet the requirements of notice pleading under Federal Rule of Civil Procedure 8(a)(2) as Plaintiff fails to separate liability for each named defendant. Count One is dismissed without prejudice.

The concept of group pleading—or the idea that a group of defendants took part in certain illegal acts "without more—injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom when. Such speculation is anathema to contemporary pleading standards . . ." and "undermines the notice pleading regime of Rule 8." *Japhet v. Francis E. Parker Mem. Home, Inc.*, No. 14-1206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014) (citing *Twombly*, 550 U.S. at 555); *see also Falat v. Cnty. of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013). The Court notes that, while it may be convenient and indeed appropriate to use a short-hand term to denote which group of defendants a complainant is referring to, merely referring to "defendants" or "defendant" in a Complaint that lists thirty-one separate defendants here is insufficient to give Defendants notice of that which they are being accused.

*See Ingris v. Borough of Caldwell,* No. 14-855, 2015 WL 3613499, at *6 (D.N.J. June 9, 2015); *Falat,* 2013 WL 1163751 at *3.

In this case—given the multitude of counts, the multitude of distinct incidents on which this Complaint rests, and the fact that there are thirty-one different defendants in this Complaint—the Court finds it particularly important to notify each Defendant of the claims he or she faces. Although Plaintiff has separated the First Count by headings to denote which claim pertains to which defendant, this pattern is inconsistent. Further, Plaintiff sometimes distinguishes between individual defendants being sued and at other times notes that the claim is against all Defendants. For instance, where the Plaintiff alleges Constitutional Violations by the Correction Officer Defendants and the John-Does, Plaintiff also makes explicit reference to Defendant RN D. Rosa, alleging that she continued the illicit behavior. (ECF No. 1 at ¶ 138). The Court is uncertain if RN D. Rosa is included in this Count and believes that Defendant RN D. Rosa would have difficulty in discerning the same. The implication of this strikes the Court as particularly important in practical terms. This is because the Court is not even sure that each party in this matter is represented. At oral argument, the Deputy Attorney General stated that it did not represent RN D. Rosa. (T2:1–3).

Plaintiff is ordered to amend the Complaint to provide Defendants with adequate notice of that which they are being accused. Aside from referring to each

Defendant in a clear fashion, Plaintiff should separate each of these alleged violations into a separate Count for the sake of clarity.

As such, Count One is dismissed without prejudice with instructions to amend.

### B. Count Two: Failure to Intervene Claims

Defendants have not moved to dismiss the claims underlying Count Two. (ECF No. 26 at 2). Although the Court will not address the viability of the claims as Defendants have not raised these issues, it is noted that the Plaintiff may have misidentified the constitutional right implicated in several locations, and Plaintiff should review and amend his Complaint. (*See* ECF No. 19 at 2 n.2).

### C. Count Three: New Jersey Civil Rights Act Claims

The NJCRA has been read as analogous to its federal counterpart. *E.g.*, *Chapman v. New Jersey*, No. 08-4130, 2009 WL 2634888, at *3 (D.N.J. Aug. 25, 2009). Because Plaintiff has not properly pled violations of § 1983, Plaintiff's claims under NJCRA fail for the same reasons. *See Hottenstein v. City of Sea Isle City*, 793 F. Supp.2d 688, 695 (D.N.J. 2011); *Krasil v. Betze, et al.*, No. 22-6914, 2023 WL 6635319, at *10 (D.N.J. Oct. 12, 2023).

The Court's concerns expressed at *supra* Section IV.A also implicate Count Three. For example, Plaintiff asserts a right to be free from unreasonable seizures and the right to be free from "bunk[ing] with a child molester, free from unlawful

conspiracy and free to pursue legal claims accessing the court without impediment." (ECF No. 1 at ¶¶ 160–61). The Complaint asserts that the "Defendants' actions were taken under color of state law" and "Defendants, to the same extent pursuant to the same facts as set forth in the First Count herein and the Factual Allegations contained herein . . . deprived [Plaintiff] of his rights . . . ." (*Id.* at ¶ 163). The Court is unable to discern precisely which of the thirty-one Defendants is being accused of these violations. These vague statements raise the same notice issues the Court voiced about the Count One.

For these reasons, Plaintiff's NJCRA claims are also dismissed, and Plaintiff is instructed to refile a Complaint complying with the directives set forth in *supra* Section IV.A.

### D. Claims against Defendants in their Official Capacities

The § 1983 and NJCRA claims against the Correction Officer Defendants and the Policy Maker Defendants in their official capacities are dismissed with prejudice. The Department of Corrections is an "arm of the state" as it enjoys minimal autonomy and operates under a commissioner appointed by the Governor with the consent of the Senate. *Didiano v. Balicki*, 488 Fed.Appx. 634, 638–39 (3d Cir. 2012); *Endl v. New Jersey*, 5 F.Supp.3d 689, 697 (D.N.J. 2014); *Simrin v. Corr. Med. Servs.*, No. 05-2223, 2006 WL 469677, at *2 (D.N.J. Feb. 24, 2006); *Grabow v. Southern State Corr. Facility*, 726 F.Supp. 537, 539 (D.N.J. 1989). All of

Plaintiff's claims under § 1983 as to the Correction Officer Defendants and the Policy Maker Defendants in their official capacities are dismissed because "a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The NJCRA claims are similarly dismissed since "[t]his district has repeatedly interpreted NJCRA analogously to § 1983." *Pettit v. New Jersey*, No. 09-3735, 2011 WL 1325614, at *3 (D.N.J. Mar. 30, 2011) (collecting cases); *see also Borden v. Sch. Dist. of Twp. of E. Brunswick*, 523 F.3d 153, 164 n.5 (3d Cir. 2008). Plaintiff's opposition brief concedes that claims against the moving Defendants in their official capacities should be dismissed. (ECF No. 19 at ¶ 12). The Court therefore need not address Eleventh Amendment immunity in this matter. Accordingly, all of Plaintiff's claims under 42 U.S.C. § 1983 and the analogous NJCRA claims against the Correction Officer Defendants and the Policy Maker Defendants in their official capacities are dismissed.

## ORDER

**THIS MATTER** having come before the Court on Defendants' Motion for Partial Dismissal (ECF No. 12); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments therein presented; and for good cause shown; and for all of the foregoing reasons,

**IT IS** on this 6th day of November, 2023,

**ORDERED** that Defendants' Motion for Partial Dismissal (ECF No. 12) is **GRANTED** and Plaintiff may refile a complaint consistent with this Opinion; and it is further

**ORDERED** that Plaintiff is instructed to amend the constitutional violations alleged underlying Count Two; and it is further

**ORDERED** that Defendant's Motion for Partial Dismissal with respect to the § 1983 and analogous NJCRA claims against the Correction Officer Defendants and the Policy Maker Defendants in their official capacities is **GRANTED** with prejudice.

_____
PETER G. SHERIDAN, U.S.D.J.