UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN BEST**<br><br>       **Plaintiff,**<br><br>  v.<br><br>**MAROS O. HICKS,** *et. al.*,<br><br>       **Defendants.** | Civil Action No. 22-06911 (ZNQ)(RLS)<br><br>OPINION |

**QURAISHI, District Judge**

Before the Court is Plaintiff's Motion for Reconsideration, (ECF No. 53), requesting that this Court reconsider its previous Opinion and Order issued on November 26, 2024. (*See* ECF Nos. 51-52). Defendants oppose the motion. (ECF No. 56). For the reasons stated below, this Court will grant Plaintiff's Motion for Reconsideration and supplement this Court's previous Opinion and Order by granting Defendants' Motion to Dismiss as to the Supervisory Liability Claim (Count Eight) in its entirety.

### I. PROCEDURAL HISTORY

On November 30, 2022, Plaintiff, John Best, a former inmate at South Woods State Prison in Bridgeton, New Jersey, brought this civil rights action under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-1 et seq. (ECF No. 1). After a motion for partial dismissal was granted, (*See* ECF No. 31), on March 18, 2024, Plaintiff filed an Amended Complaint. (ECF No. 36). Plaintiff's Amended Complaint contained nine counts.[1] *Id*.

---

[1] As noted in this Court's November 26, 2024, Opinion, (*See* ECF No. 51 at n.1), Plaintiff numbered the last two counts of the Amended Complaint "Count VIII." The Court referred to the count labeled "N.J.S.A. 10:6-2 New Jersey Civil Rights Act" as Count Nine. In Plaintiff's current filing, he refers to this count as Count Nine as well.

On May 1, 2024, Defendants Nathan Canion, Glendon Corson, John Tomlin, Ronald Elberston, Ronald Anderson, Joseph Elbeuf, Victor Tapia ("Corrections Officer Defendants") and Marcus Hicks, Keisha Fisher and John Powell's ("Policymaker Defendants") (collectively "Defendants") filed a Motion for Partial Dismissal. (ECF No. 40).

This Court, in a November 26, 2024 Opinion and Order, granted in part Defendants' Motion for Partial Dismissal of the Amended Complaint. (ECF Nos. 51-52). This Court dismissed Counts Three (part one), Four, Five, Six, Eight, and Nine without prejudice.[2] *Id*. This Court, however, did not dismiss Count Three part two and Count Seven. *Id*. Accordingly, Counts One, Two, Three (part two), and Count Seven are the remaining counts of the Amended Complaint.

Now, Plaintiff is seeking reconsideration of this Court's decision only as to Counts Eight and Nine. (ECF No. 53).

## II.   BACKGROUND[3]

On December 7, 2020, Plaintiff was incarcerated at South Woods State Prison, serving a sentence for robbery. (ECF No. 36, ¶¶ 1, 31.) According to Plaintiff, Correctional staff required him to undergo a psychological evaluation, and based on the results of the psychological evaluation, a mental health professional determined Plaintiff should be placed in suicide watch/close custody housing unit. (*Id.*, ¶¶ 33-34, 35.)

Plaintiff alleges that when he was moved into the close custody housing unit on December 7, 2020, he was placed naked in a cell, with a "suicide blanket." (*Id.*, ¶35.) On or around December

---

[2] Count One and Two were not subject to Defendants' Motion to Dismiss. Accordingly, this Court did not issue a decision as to those two counts, and those two counts stand at this point. (*See* ECF Nos. 51-52).

[3] A full summary of the alleged facts giving rise to Plaintiff's claims are summarized by this Court in its November 26, 2024 Opinion. (*See* ECF No. 51).

7, 2020, at approximately 9:00 p.m., Plaintiff claims that he was awoken by commotion in the dark. (*Id.*, ¶¶ 40–41.) In an incident report written later, Sergeant Canion claimed there was a power outage, and Plaintiff refused to move to another cell, where they could observe him in the light. (*Id.*, ¶ 37.) Plaintiff submits that he did not refuse, and Sergeant Canion wrote a false incident report accusing Plaintiff of becoming belligerent and noncompliant, necessitating use of force. (*Id.*, ¶¶ 37-38.) Plaintiff claims that he put out his hands to be cuffed and that either Sergeant Canion or Sergeant Corson supposedly said, "We're going to fuck you up." (*Id.*)

According to Plaintiff, he then laid prostrate by the door of his cell, without refusing a command, waiting to be cuffed. (*Id.*, ¶ 44.) Plaintiff saw about six or seven officers suited up and lined up outside his cell door, including, upon information and belief, Officers Tomlin, Elbertson, Anderson, Elbeuf, Tapia, John Does and Sergeants Corson and Canion. (*Id.*, ¶¶ 45-46.) Plaintiff claims that the Officers entered his cell and attacked him without provocation and an officer with a shield slammed it in Plaintiff's face. (*Id.*, ¶ 47.) Plaintiff alleges that each one of the Corrections Officer Defendants kicked, punched, and twisted Plaintiff's arms and legs, while also yelling for Plaintiff to stop resisting, although Plaintiff did not resist. (*Id.*, ¶¶ 46-49.)

Plaintiff's face was bloody and bruised, with bones out of position. (*Id.*, ¶ 52.) Plaintiff claims that he suffered permanent damage to his right eye, permanent headaches, fractures in his eye socket, cheek, and sinus bones. (*Id.*, ¶ 55.) Upon arrival at the infirmary, the second shift nurse, Defendant RN D. Rosa, allegedly refused to treat Plaintiff and authorized his return to his cell. (*Id.*, ¶ 56.) Plaintiff further claims that each of the Corrections Officer Defendants withheld medical care "by forcing him to sit in his cell unattended and injured prior to being seen by the next shift for the obvious severe injuries he had suffered when they beat him" and Plaintiff remained naked in his cell. (*Id.*, ¶¶ 96, 101.) This lasted for, according to Plaintiff, several hours.

3

(*Id.*, ¶ 98.) When the third shift nurse saw Plaintiff, she immediately sent him to Inspira Medical Center for evaluation of internal hemorrhaging. (*Id.*, ¶ 57.)

Accepting Plaintiff's allegations as true for purposes of determining Defendants' Motion to Dismiss, *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), this Court rejected Plaintiff's claims in Count Eight and Nine.

In Count Eight, Plaintiff sought to hold Policymaker Defendants liable under 42 U.S.C. § 1983 and the NJCRA for deficiencies in supervising and training Corrections Officer Defendants in (a) providing inmates with adequate medical care and (b) use of excessive force by the officers against the inmates.

This Court held that Plaintiff's allegations in support of Policymaker Defendants' liability for Plaintiff's inadequate medical care were wholly conclusory. (ECF No. 51 at 14). Plaintiff did not allege a pattern where corrections officers attempted to obtain medical care for an inmate but were ordered to return the inmate to his cell by medical staff. *Id*. Likewise, Plaintiff had not identified a specific policy or training deficit that caused Corrections Officer Defendants to delay medical care for Plaintiff for several hours until the next shift of medical staff arrived. *Id*. Accordingly, the Court dismissed this claim against Policymaker Defendants without prejudice.

In the Opinion, the Court did not specifically dismiss Plaintiff's supervisory liability claim regarding the use of excessive force. (ECF No. 51 at 14). It does so now, below, and will dismiss the claim for the same reasons articulate in the Court's Opinion regarding the supervisory liability claim for the inadequate medical care.

In Count Nine, this Court dismissed Plaintiff's New Jersey Civil Rights Act ("NJCRA") since the section 1983 claims were dismissed. (*Id.*)

4

**III.    LEGAL ANALYSIS**

Whether brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or Local Civil Rule 7.1(i), the scope of a motion for reconsideration is extremely limited, and courts will grant such motions only sparingly. *Delanoy v. Township of Ocean*, No. 13-1555, 2015 WL 2235103, at *2 (D.N.J. May 12, 2015) (as to Local Civil Rule 7.1(i)); *see also Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (as to Rule 59(e)). An order of the Court may be altered or amended pursuant to such a motion only where the moving party establishes one of the following grounds for relief: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Delanoy*, 2015 WL 2235106, at *2 (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also Blystone*, 664 F.3d at 415 (applying same standard to 59(e) motions).

In the reconsideration context, manifest injustice will generally arise only where "the Court overlooked some dispositive factual or legal matter that was presented to it," or committed a "direct, obvious, and observable" error. *See Brown v. Zickefoose*, No. 11-3330, 2011 WL 5007829, at *2, n.3 (D.N.J. 2011). Reconsideration motions may not be used to relitigate old matters or to raise arguments or present evidence or allegations that could have been raised prior to entry of the original order, and courts should only grant such a motion where its prior decision "overlooked a factual or legal issue that may alter the disposition of the matter." *Delanoy*, 2015 WL 2235106, at *2.

Here, as to Counts Eight and Nine, Plaintiff does not allege an intervening change in the controlling law, nor does he contend the availability of new evidence that was not available when this Court issued its order. Thus, he is arguing in his reconsideration motion that this Court needs

5

to correct a clear error of law or fact to prevent manifest injustice. (ECF No. 53 at 5). Specifically, he argues that this Court "failed to address the supervisory liability claim asserted on the failure to train, supervise and remediate as to excessive force and failed to parse the New Jersey Civil Rights Claim on the remedy for excessive force and failure to intervene." (ECF No. 53 at 6).

Plaintiff is correct in that this Court did not specifically address the supervisory liability claim as it relates to the excessive force. In that regard, his motion for reconsideration is granted. However, for the reasons articulated below, and in this Court's previous Opinion, that claim still fails and Count Eight of the Amended Complaint in its entirety shall be dismissed without prejudice.

To hold a supervisor liable for an Eighth Amendment violation, the plaintiff must identify a supervisory policy or procedure that the supervisor defendant failed to implement, and ultimately prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory procedure. *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 330 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015). Typically, plaintiffs allege supervisory liability by alleging the supervisor's awareness of a pattern of similar constitutional injuries and failure to respond to such misconduct. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001). To establish liability for failure to train, discipline or supervise, a plaintiff must show that policymakers were on actual or constructive notice that particular flaws in their training, discipline or supervision caused subordinate officials to violate citizens' constitutional rights, which generally requires knowledge

6

of a prior pattern of similar incidents and circumstances. *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *Montgomery v. De Simone*, 159 F.3d 120, 127 (3d Cir. 1998)).

Plaintiff's supervisory liability claim regarding excessive force is conclusory and fails to state a claim. Plaintiff does not allege a pattern where officers were ordered to use excessive force; nor has Plaintiff identified specific policy or training deficit that caused Corrections Officer Defendants to utilize excessive force. Indeed, Plaintiff argues that Policymaker Defendants "should have known and were on notice of an *unofficial* policy," (ECF No. 36 at 29) (emphasis added), but does not plead what actual official policy, if any, give rise to his claim. Thus, Plaintiff fails to state a claim.

Rather, Plaintiff only relies on "multiple examples showing a history of the use of excessive force in DOC facilities." (ECF No. 36 at 29). But as the Defendants adequately and correctly point out, Plaintiff "provides no explanation how these incidents might provide any notice [to the supervisory defendants]." (ECF No. 40 at 32). Further, although these incidents occurred, Plaintiff failed to provide sufficient facts that show the Defendants knew of these incidents, "much less any reason why these allegations would give Defendants sufficient notice of any danger that rises to the level of constitutional harm." *Id*. Accordingly, the Court will dismiss these claims in Count Eight against the Policymaker Defendants without prejudice.

As to Count Nine, the Court denies reconsideration of this previously decided point. Moreover, since the Court dismissed the Section 1983 claim that was reconsidered, the NJCRA Claim will also be dismissed.[4]

---

[4] To clarify, the Court did not intend to dismiss any NJCRA claims in Counts One and Two against the corrections officers. Indeed, as noted, Count One and Two were not part of the motion to dismiss. Thus, the Court's dismissal of the NJCRA Claim in Count Nine does not impact the claims raised in Counts One and Two – Excessive Force and Failure to Intervene.

## IV. CONCLUSION

For those reasons, Plaintiff's Motion for Reconsideration is granted only to the extent that this Court supplements its previous Opinion and Order by specifically addressing the entirety of the supervisory liability claim raised in Count Eight of the Amended Complaint. Having now addressed those arguments, the Court will dismiss Count Eight, in its entirety, without prejudice. The Court rejects granting reconsideration as to Count Nine.

An appropriate Order follows.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
